IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Geraldine Chee, Individually and )
as Next Friend of Leandrew Etsitty, )
a minor, )
  )
    Plaintiff, )
  )
v. ) No. _____
  )
United States of America, )
  )
  )
    Defendant. )

## COMPLAINT FOR DAMAGES RESULTING FROM NEGLIGENCE

PLAINTIFF alleges:

1.   The Court's jurisdiction arises under 28 U.S.C. § 1346(b) and 28 U.S.C 2671 et seq., and also pursuant to 28 U.S.C. § 1331.

2.   Plaintiff Geraldine Chee, a resident of Albuquerque, County of Bernalillo, State of New Mexico, an enrolled member of the Navajo Nation, brings this action as next friend of her son Leandrew Etsitty and individually.

3. This action arises out of catastrophic injuries suffered by then 5 year old Leandrew Etsitty and witnessed by Plaintiff Geraldine Chee on May 28, 2010 in Gallup, New Mexico, when Lawrence Etsitty, a uniformed employee of the Navajo Nation Division of Public Safety, driving a Navajo Nation police vehicle, negligently drove the vehicle over the child ("the incident").

4. At all relevant times the Navajo Nation, through its Division of Public Safety, provided law enforcement services under an Indian Self-Determination Act (P.L. 93-638) contract with the United States Department of Interior. See, 25 U.S.C. Sections 450a to 450n.

5. By virtue of federal law, Indian Self Determination Act contractors and their employees are deemed to be employees of the Federal government while performing work under the contract and therefore they are provided full protection and coverage of the Federal Tort Claims Act.

6. At the time of the incident, Lawrence Etsitty was engaged in the course and scope of his employment with the Navajo Nation Division of Public Safety pursuant to its contract with the United States Department of Interior.

7. Venue is proper in this district under 28 U.S.C. § 1402(b).

8. Plaintiff filed timely claims for damage, injury or death with the United States Department of Interior. Those claims have not been acted upon and more than six months have elapsed since they were filed. Plaintiff has exhausted her administrative remedies.

**COUNT I – NEGLIGENCE OF OFFICER ETSITTY**

9. Plaintiff realleges the allegations of Paragraphs 1 through 8, above.

10. In violation of applicable law, Officer Lawrence Etsitty negligently failed to keep a proper lookout and operated his vehicle without regard to the child standing in front of it.

11. As a direct and proximate result of Officer Etsitty's negligence, the police vehicle rolled over the skull and body of Leandrew Etsitty who suffered multiple injuries described below.

12. As a direct and proximate result of Officer Etsitty's negligence, Plaintiff Geraldine Chee suffered injuries described below.

13. Defendant is liable for the negligence of Lawrence Etsitty which occurred in the course and scope of his employment.

**COUNT II – NEGLIGENT ENTRUSTMENT**

14. Plaintiff realleges the allegations of Paragraphs 1 through 13 above.

15. The Navajo Nation and the Navajo Nation Division of Public Safety, as owners or entities in control of the vehicle which caused Plaintiff's injuries, permitted Lawrence Etsitty to operate the accident vehicle.

16. On information and belief, the Navajo Nation and the Navajo Nation Division of Public Safety knew or should have known that Lawrence Etsitty was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

17. On information and belief, the decision to entrust the motor vehicle to Lawrence Etsitty violated applicable mandatory rules, regulations and standards.

18. Lawrence Etsitty was negligent in the operation of the motor vehicle.

19. The negligent entrustment described above was a proximate cause of injury to Plaintiffs.

### COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff realleges the allegations of paragraphs 1 through 19, above.

21. Plainfiff Geraldine Chee witnessed the incident when the police vehicle driven by Lawrence Etsitty crushed the body of her son causing catastrophic injuries.

22. As a result of her contemporaneous perception of the occurrence, Plaintiff Geraldine Chee suffered severe emotional distress.

### DAMAGES

23. Leandrew Etsitty suffered present and future injuries which include, but are not limited to, traumatic brain injury, multiple skull and facial fractures, fractures to his body, loss of vision in his left eye, degloving of his left scalp among other things.

24. Plaintiff as next friend of Leandrew Etsitty seeks present and future damages under each element allowed by law according to proof at trial including, without limitation, medical expenses, extraordinary rehabilitation and educational expenses, pain and suffering, diminution of quality of life,

diminution of economic opportunity, and the nature, extent and duration of the injury.

25. Plaintiff Geraldine Chee, individually, seeks present and future damages for severe emotional distress, loss of consortium, economic loss and other elements allowed by law according to proof to be made at trial.

**WHEREFORE**, Plaintiff prays that the Court enters judgment for her as next friend of Leandrew Etsitty and individually on all counts and that she be awarded compensatory damages plus interest, and such other relief as the Court finds proper.

> Respectfully submitted,
>
> ROSENFELT LAW, P.C.
>
>
> By: s/Daniel M. Rosenfelt
>     Daniel M. Rosenfelt
>     1418 Aliso Drive, NE
>     Albuquerque, NM  87110
>     505) 266-3441
>     Attorneys for Plaintiff