IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALDINE CHEE, Individually and
as Next Friend of LEANDREW
ETSITTY,  a minor,

      Plaintiff,

v.                                                                    Civ. No. 11cv00230 ACT/WDS

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment [Doc. 24] and Defendant's Motion to Dismiss [Doc. 26].  The issue in both motions is whether Lawrence Etsitty (Etsitty) was acting in the course and scope of his employment when he ran over and injured his five-year old son, Leandrew.  The case arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq*.  Briefly stated, if Etsitty was acting within the course and scope of his employment, the case may proceed to trial; if he was not, then sovereign immunity under the FTCA has not been waived and the Court has no subject matter jurisdiction.  For the reasons set forth below, both motions are denied.

### Factual Background

For ease of discussion and the purposes of this MOO, the following general facts are considered undisputed unless otherwise indicated.  Etsitty was employed by the Navajo Nation Department of Law Enforcement, Division of Public Safety (NDPS) since 2005.  In 2009 he was placed on administrative leave for two weeks and remained on administrative duties thereafter. Officer Etsitty's work assignment for the evening of May 28, 2010 was as a part of a DWI task

force.  On May 27, the DWI team planned to set up a roadblock and Officer Etsitty was told to come

to work at 6:00 p.m. the following evening.  On May 28, 2010 Officer Bryant, Etsitty's supervisor,

cancelled the roadblock.  He claims he called Etsitty and sent him a text message confirming the

cancellation, but Etsitty states he never received the phone call or text message.

The parties dispute whether Etsitty was on his way to work with the DWI task force when

he got into his car at approximately 6:00 p.m. on May 28, 2010 at his home in Gallup, New Mexico.

What is not disputed is that Etsitty ran over and injured his 5-year old son, Leandrew, as he pulled

out of the driveway.[1]

## Federal Tort Claims Act

"The only statutory authority to sue the United States for common-law torts is under the

FTCA.  The FTCA waives the United States' sovereign immunity in certain specific tort actions

against the United States for money damages."  *Garcia v. United States*, 709 F. Supp.2d 1133, 1138

(D.N.M. 2010).  Section 1346(b) of the FTCA provides in pertinent part that actions may lie against

the United States for the negligent acts of its employees "while acting within the scope of his office

or employment, under circumstances where the United States, if a private person, would be held

liable to the claimant in accordance with the law of the place where the act or omission occurred."

In 1990, Congress extended the FTCA waiver of sovereign immunity to allow the United

States to be sued for the tortious conduct of tribal employees that occurred in the performance of a

contract under the Indian Self Determination and Education Assistance Act (codified as amended

---

[1]  As discussed later in this MOO, there are disputes as to Etsitty's administrative status at the time of the accident and as to the communications between Bryant and Etsitty on the 27th and 28th.

at 25 U.S.C. § 450 *et seq.*). When the accident occurred, the Navajo Nation was operating its

Department of Law enforcement under a Self-Determination Act contract.[2]

## New Mexico Law

"In New Mexico, 'whether an employee was acting within the scope of his employment is

[generally] a question of fact for the jury.'" *Frederick v. Swift Transp. Co., Inc.*, 616 F.3d 1074,

1079 (10th Cir. 2010) (quoting *Ovecka v. Burlington N.S.F. Ry.*, 145 N.M. 113, 194 P.3d 728, 732

(Ct. App. 2008)).  New Mexico's jury instruction on the issue provides:

> [a]n act of an employee is within the scope of employment if:
>
> 1.  It was something fairly and naturally incidental to the employer's business assigned to the employee, and
>
> 2.  It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

*Id.* (quoting UJI 13-407 NMRA).

The *Swift* court noted that the facts of every case may vary application of this rule, but that

in general, for a defendant "to escape liability, it must be shown that [the employee], when the

wrongful act was committed, had abandoned [his] employment and was acting for a purpose of [his]

own which was not incident to [his] employment." *Id.* (quoting *Hansen v. Skate Ranch, Inc.*, 97

N.M. 486, 641 P.2d 517, 521 (Ct. App. 1982).

---

[2] Defendant argues this is a question of law, not fact. The Court need not decide this issue for purposes of ruling on the pending motions.  However, the Court agrees that if there was no contract, the Court does not have subject matter jurisdiction because the FTCA would not apply.

**Standard for the Court to Apply**

Defendant's motion arises under Fed.R.Civ.P. 12(b)(1), seeking dismissal for lack of subject matter jurisdiction.  Defendant's motion is not a facial attack on the complaint; rather, it is a factual attack which challenges "the facts upon which subject matter depends."  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  In such instances, a court's reference to evidence outside the pleadings does not conver the motion to a Rule 56 motion."  *Id.* (citations omitted).

A court is, however, required to convert a Rule 12(b)(1) motion to a Rule 12(b)(6) or a Rule 56 motion "when resolution of the jurisdictional question is intertwined with the merits of the case."  *Id.*  In other words, does resolution of the jurisdictional issue depend upon resolution of the substantive claim?  Here, both the jurisdictional and substantive claims arise under the FTCA.

The circuits are split on the issue of whether an FTCA "scope of employment claim" is solely jurisdictional or intertwined with the merits.  *Compare CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) (jurisdictional) *with Montez v. Department of Navy*, 392 F.3d 147, 250 (5th Cir. 2004) (merits).  The Court of Appeals for the Tenth Circuit has not  addressed the "scope of employment" issue.

The issue is important because it defines how a court views the dispositive motion.  If the claim arises under Rule 12(b)(1) as a jurisdictional issue, the court does not accept the truthfulness of the complaint's allegations.  If the claim arises under Rule 12(b)(6) or Rule 56, a merits issue, the truthfulness is accepted and, in the latter case, all factual disputes are resolved in favor of the non-

moving party.   Not surprisingly, Defendant argues that the Court should analyze this as a jurisdictional issue and Plaintiff contends this is a merits issue.

Both parties cite to *Sizova v. National Institute of Standards & Technology*, 282 F.3d  1320 (10th Cir. 2002) to support their respective positions.   *Sizova* cited to *Pringle v. United States*, 208 F.3d 1220 (10th Cir. 2000), which supplies the answer to this conundrum.

In *Pringle*, the appellate court reversed the district court which had held that the jurisdictional issue was not intertwined with the subject matter because the former relied upon a judicially created doctrine and not a provision of the FTCA.  *Id*. at 1222.  The court held that "the underlying issue is whether resolution of the jurisdictional question **requires resolution of an aspect of the substantive claim."**  *Id*. at 1223 (emphasis added).  Clearly, "scope of employment," which is both jurisdictional and substantive, "requires resolution of an *aspect* of the substantive claim."  Accordingly, the Court finds that Defendant's Rule 12(b)(1) motion must be treated as one for summary judgment under existing Tenth Circuit law.

### Standard for Summary Judgment

Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed.R.Civ.P. 56(c).   An issue of fact is "genuine" if there is sufficient evidence so that a rational trier of fact could find for the non-movant.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  "An issue of fact is 'material if, under the substantive law, it is essential to the proper disposition of the claim.'"  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  The burden is on the movant to show there is an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325.

## Discussion

The key issue in this case is whether Officer Etsitty was on duty, or otherwise acting in the scope of his employment under the FTCA, on May 28, 2010 when the accident occurred.   That material fact, and other facts underlying that conclusion, are all disputed by the parties.  There are also significant credibility determinations to be made by the fact-finder, which is something that cannot be ruled on in these motions.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. 24] is denied; and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Doc. 26] is denied.

Hon. Alan C. Togerson
United States Magistrate Judge